**NO DUPLICATION OF THIS CERTIFICATE AUTHORIZED**

# THE STATE OF NEW HAMPSHIRE... ROCKINGHAM, SS.

## COURT OF PROBATE

I, EDWARD J. HOWARD, Register of Probate in and for said County of Rockingham, having by law the custody of the seal and of all the records, books, documents and papers of or pertaining to the said Court of Probate, HEREBY CERTIFY the paper _____ hereto annexed to be a _____ true copy _____ of a _____ paper _____ appertaining to said Court, and on file and of record therein, to wit: **Last Will and Testament of John Elwyn Stone late of Portsmouth in said County deceased, testate.**

WITNESS my hand and the seal of said Court at Exeter, in said County, this **twenty-second** day of **March** A.D. 19 **76**

*Edward J. Howard*
EDWARD J. HOWARD
**Register of Probate**

KNOW ALL MEN BY THESE PRESENTS, That I, JOHN ELWYN STONE of Portsmouth, in the County of Rockingham and State of New Hampshire, being of sound and disposing mind and memory and mindful of the uncertainty of human life, and intending to dispose of all of my property and estate upon my death, do make, publish and declare this my LAST WILL AND TESTAMENT, hereby expressly revoking any and all other wills, codicils or testaments, heretofore made by me.

ONE: I direct my Executors, hereinafter named, to pay all of my just debts, funeral expenses and expenses of administration of my estate as soon as may be after my death.

TWO: I direct my Executors, to pay all my taxes from my residuary estate whether they be succession, inheritance, income or federal estate taxes.

THREE: I give and bequeath the portrait of John Langdon by Edward Savage in the living room of my apartment in New York City, and the Adam Table in this apartment to the Society for the Preservation of New England Antiquities, Inc., of Boston, Massachusetts, to be placed in the Governor John Langdon mansion in Portsmouth, New Hampshire.

FOUR: I give and bequeath the 18th Century Philadelphia mahogany highboy in the living room of my apartment to the Warner House Association in Portsmouth, New Hampshire, provided it be kept in public view in the Warner House. If not so placed for public view by the visitors to the Warner House, this gift shall be revoked and pass on under Clause Seven of my Will.

FIVE: I give and bequeath the sum of Ten Thousand ($10,000.00) Dollars to Elva Prince, if she shall survive me, and is in my employ at the time of my death.

SIX: I give and bequeath all my tangible furnishings situate in my cooperative apartment, with the exception of the items bequeathed in the above Clause Three and Four, situate at 125 East 72nd Street, Apartment 2C, New York, New York to my sister, Frances Stone Warrick, if she shall survive me; if she shall not survive me, I give and bequeath all my tangible furnishings except for the items bequeathed in the above Clauses Three and Four to my nephew, Alexander B. Warrick, Jr.; I direct that my cooperative apartment be sold by my Executors and that the cash proceeds thereof shall pass and fall into my residue clause herein.

- 2 -

SEVEN: All the rest, residue and remainder of my estate, real and personal, wherever found and however situate, I give, devise and bequeath to The First National Bank of Portsmouth, Portsmouth, New Hampshire, in trust, however, under the following terms and conditions:

A. My Trustee shall devise and bequeath all my real estate physical or otherwise, including my land and buildings, including any furnishings therein situate on Elwyn Road, Portsmouth, New Hampshire, to the State of New Hampshire, under the Federal Tax definition of a public fund to be held solely by the State of New Hampshire forever as a tree farm, bird sanctuary or wild life preservation; if such purposes should not qualify, then the purpose, however, will be solely for socio-ecological use which must qualify as a public charity for Federal Estate Tax purposes. This property will be deeded over to the State of New Hampshire by my Trustee as soon as all tax clearance, Federal Estate Tax closing letter and all other death taxes are disposed of in their finality and any appeal period ended. Any and all net income as may accumulate after my demise from any source whatsoever including stock dividends shall likewise at all times be paid into and pour over into this Trust, subject to any taxes or financial obligations. Furthermore, such income within the discretion of the Trustee may be added to the principal of the Trust.

B. If the State of New Hampshire shall for some unknown reason not accept this charitable grant in perpetuity for the purposes herein stated, I then direct my Trustee, insofar as possible, and as soon as possible to deed and bequeath all of the aforesaid property for the purposes above stated to any endowment fund which qualifies as a public fund or public endowment for public and charitable purposes. I would prefer, however, if possible, under such circumstances, that this devise and bequest under this my residue clause shall pass from my Trustee unto either a New Hampshire foundation or a New England foundation.

C. When the Trustee so appointed makes a conveyance of this property for the purpose or purposes herein stated, there shall be set forth therein a restriction in the deed of the above stated property that this property is not in any way to be divided or sub-divided for

- 3 -

residential purposes or other purposes and not to be used for commercial or industrial purposes and the deed shall furthermore state the requirement that this property shall forever be used as a tree farm, bird sanctuary or wild life preservation, or some similar socio-ecological use to qualify as a public charitable purpose.

D. This Trust is intended to be of a permanent duration with the trustee in its discretion obligated to maintain this trust fund for the purposes and use of a tree farm, bird sanctuary or wild life preservation or other socio-ecological use. This Trust Fund will serve to make payments from income or principal to exercise properly the purposes in connection with funding this property and the purposes connected therewith. This Trust Fund is to be used only for the benefit of this property except should there prove to be excessive funds, the Trustee has discretionary right to purchase other available real estate situate solely in the City of Portsmouth with the right to convey to either the State of New Hampshire or appropriate charitable foundations under the same restrictions set forth above and to use funds from its trust to fulfill the purposes as defined herein.

E. I direct that this Trust shall be a non-profit organization subject to the normal fees and expenses of the Trustee. I also direct that the devisee or grantee shall qualify for a public exemption as a charitable trust in connection with the qualifications of charitable exemption. I also direct that the Trustee herein or any devisee under this residue shall comply with the Federal Tax Reform Act of 1969 and any amendments or regulations connected therewith in order that such beneficiary shall be a public corporation rather than a private corporation or private foundation. This directive, with respect to the Trustee or any qualified devisee shall be subject to all Internal Revenue Code restrictions presently enforced or regulations presently enforced or future restrictions of the Internal Revenue Code or regulations of the Internal Revenue Service in order to make and keep this trust a public foundation as distinguished from a private foundation. The restrictions on the Trustee and upon the beneficiary shall also include the following:

- 4 -

1. The present restrictions thereon are such as set forth in Section 4941 of the Revenue Code on the fact that there shall be no self dealing between a disqualified person and the trust or trustee or trustees and other restrictions in self dealing as defined by the Internal Revenue Code.

2. There shall be compliance with the present Section 4942 or any amendment thereof and that there shall be distributed each year the requisite percentage of income to maintain its status as a public trust which is presently at the rate of six (6%) per cent as a requirement for distribution if such is necessary..

3. There shall be compliance with Section 4944 in that there shall be no investment which will jeopardize or in any way conflict with the charitable purposes of this foundation.

4. This foundation shall be also in compliance with Section 4945 covering restriction on taxable expenditures in that there shall be no expenditures other than for the public purposes stated herein and shall not be used to carry on propaganda or to attempt to influence legislation, interference with voting or to become involved in any partisan matters but shall be solely for the purposes of the foundation herein stated and for educational and scientific development of the purposes herein stated with respect to the real estate property or properties involved.

F. My Trustee shall have all normal powers to invest and reinvest and have full management of securities and cash, subject to the above stated requirements as set forth under the 1969 Federal Tax Reform Act or any future amendments or future regulations.

G. In the event that the Trustee declines to serve or should resign as Trustee, I direct that the Probate Court for Rockingham County shall appoint a successor-trustee which shall be a trust institution allowed by law to act in this capacity.

EIGHT: I intentionally omit to make provision in this my Will for any other person or persons other than those herein specifically mentioned.

NINE: I nominate, constitute and appoint The First National Bank of Portsmouth, Portsmouth, New Hampshire, William F. Harrington of New

- 5 -

Castle, New Hampshire and George A. Spiegelberg of 120 Broadway, New York New York, to be Executors of this my LAST WILL AND TESTAMENT. If either of the two men named as Executor declines to serve or is unable to continue to serve, I do not wish appointed a substitute executor in his stead. I expressly request that no person nominated by me to serve in a fiduciary capacity be required to furnish bond save such as may be absolutely indispensable by law.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 21st day of April in the year of our Lord one thousand nine hundred and seventy one at Portsmouth, New Hampshire.

+ *John Elwyn Stone*

Signed, sealed, published and declared by the above named JOHN ELWYN STONE as and for his LAST WILL AND TESTAMENT, in our presence, who in his presence and in the presence of one another and at his request, subscribe our names hereto as witnesses this 21st day of April A. D. 1971 at Portsmouth, New Hampshire.

5/28/71 *Dorothy N. Nay* residing at Portsmouth, N.H.

*Alan M. Allen* residing at Portsmouth, N.H.

*Charles Griffin* residing at Portsmouth N H