## CODICIL

KNOW ALL MEN BY THESE PRESENTS, That I, JOHN ELWYN STONE of Portsmouth, in the County of Rockingham and State of New Hampshire, do hereby make the following Codicil to my Will dated April 21, 1971.

ONE: I incorporate by reference and make part of this Codicil and part of my Will the following two instruments which are attached hereto and made a part hereof of my Codicil and my Will dated April 21, 1971:

(a) Agreement executed between John Elwyn Stone and The Parish of Christ Church in Portsmouth, New Hampshire dated June 17, 1964, marked Exhibit A.

(b) Indenture Agreement executed between John Elwyn Stone and the same The Parish of Christ Church in Portsmouth, New Hampshire, dated December 29, 1965, marked Exhibit B.

TWO: WHEREAS these two aforesaid agreements give certain rights of reverter with respect to the real estate deeded to The Parish of Christ Church in Portsmouth, New Hampshire and WHEREAS Clause 5 of the aforesaid agreement of December 29, 1965 is to the effect that John Elwyn Stone shall have the right by Will or by Instrument duly acknowledged to appoint a person who shall succeed and have the right to enforce reversion to John Elwyn Stone's estate of this deeded realty for condition broken, I by this Instrument do hereby appoint my Trustee named in my Will of April 21, 1971, The First National Bank of Portsmouth, Portsmouth, New Hampshire, or its successor under my residue clause Seven of my said Will or any successor thereto the full right and power to enforce the above named right of reverter; if the condition is broken and right of reverter does exist and the parties named hereunder do not take action to exercise this right of reverter, I direct that the Probate Court for Rockingham County appoint a responsible party or person to execute this right of reverter, in accordance with the intentions specified and purpose specified and directed in my Will of a tree farm, bird sanctuary or wild life preservation.

THREE: In all other respects I ratify and confirm my Will of April 21, 1971.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 22nd day of May in the year of our Lord one thousand nine hundred and seventy one at

Portsmouth, New Hampshire.

*John Elwyn Stone*

Signed, sealed, published and declared by the above named JOHN ELWYN STONE as a Codicil to his Will dated April 21, 1971 in our presence, who in his presence, and in the presence of one another; and at his request, subscribe our names hereto as witnesses this 22nd day of May, A. D. 1971 at Portsmouth, New Hampshire.

*Dorothy H. Nay* residing at Portsmouth, N.H.

*David N Ott* residing at Kittery, Maine

*William F Harrington* residing at New Castle, N.H.

EXHIBIT A

AGREEMENT made this __17__ day of June, 1964, by and between JOHN ELWYN STONE of Portsmouth, County of Rockingham, and State of New Hampshire, hereinafter called the SELLER, and THE PARISH OF CHRIST CHURCH in Portsmouth, County of Rockingham, and State of New Hampshire, hereinafter called PURCHASER, Witnesseth:

1. That the Seller agrees to sell to the Purchaser certain real estate situate at Lafayette Road, Portsmouth, County of Rockingham, and State of New Hampshire, bounded and described as follows:

   A certain tract or parcel of land, situate in said Portsmouth, bounded and described as follows:

   Beginning at an iron pipe in the easterly sideline of Lafayette Road distant 740 feet northerly from Elwyn Road; thence running North 18°31' East by Lafayette Road 600 feet to an iron pipe at other land of John Elwyn Stone; thence turning and running South 71°29' East, 300 feet; South 18°31' West, 600 feet, North 71°29' West, 300 feet, all by other land of John Elwyn Stone to Lafayette Road and the point of beginning. All corners being marked by iron pipes driven into the ground.

2. The consideration for the sale is that the Purchaser has agreed to erect an Episcopal Church on the premises set forth above, as a successor to its Church destroyed by fire; the design for this Church must first be approved prior to construction by the Seller based upon drawings of the exterior of the Church. It is agreed also that this property will be used solely for ecclesiastical purposes and that in the event of the use of the property for any other purposes, the title to the property shall revert to the Seller, his heirs, executors, administrators and assigns; it is also agreed that it is not necessary to set forth this reversion restriction in a deed. Ecclesiastical purposes shall permit church fairs, bazaars, sales, auctions, public meals, sale of religious goods, educational activities, etc., but shall not permit use solely as a playground.

3. The Purchaser has the right upon the signing of this Agreement to enter upon the land to take measurements and soundings.

4. The Deed will be delivered when the exterior plans and drawings of the new Church building have been signed and approved by Seller and by Purchaser.

5. While it will not be so stated in the Deed, it is agreed that the construction work on the new Church will be substantially completed within two years from the date of delivery of deed, barring unforeseen circumstances; if work does not progress, barring unforeseen circumstances, and is not substantially completed with the said two year period, Seller will have the option to sell upon his right of reverter.

IN WITNESS WHEREOF, We have hereunto set our hands and seals the day and year first above written.

June 17, 1964        _John Elwyn Stone_
                        Seller

                        The Parish of Christ Church in Portsmouth,
                        New Hampshire

William F. Harrington    By _The Revd John D. Swanson_
                                        Rector
William F. Harrington    _Reginald E. Whitehouse_
                                        Senior Warden
William F. Harrington    _Hugh R. Clarke_
                                        Junior Warden

EXHIBIT B

## INDENTURE OF AGREEMENT

AGREEMENT made and entered into this 29th day of Dec., 1965 by and between JOHN ELWYN STONE of Portsmouth, County of Rockingham and State of New Hampshire, hereinafter referred to as "STONE," and THE PARISH OF CHRIST CHURCH in Portsmouth, County of Rockingham and State of New Hampshire, hereinafter referred to as "CHURCH:"

WITNESSETH:

1. That WHEREAS, on June 17, 1964, CHURCH And STONE mutually agreed that in consideration of the covenant of CHURCH to erect an Episcopal Church on certain real property in Portsmouth then owned in fee simple by STONE upon certain conditions more particularly therein set forth, including the express condition that "This property will be used solely for ecclesiastical purposes," STONE would give certain valuable land to CHURCH;

2. That WHEREAS, subsequently to June 17, 1964, STONE, in reliance upon said covenants of CHURCH deeded to CHURCH certain realty then of fair market value in excess of One Hundred Thousand Dollars ($100,000.00) by way of gift conditioned expressly upon the covenants of CHURCH in the agreement of June 17, 1964;

3. That WHEREAS, CHURCH without prior notice to or approval of STONE proceeded to construct a building upon the premises that was not a church nor approved in design by STONE, allegedly as a Rectory, provision for which was not expressly made in the agreement of June 17, 1964;

4. And WHEREAS, STONE is presently willing to waive any rights that he may have had by virtue of such construction to reversion of the realty upon the condition that CHURCH now expressly covenants to erect no further buildings upon the realty except as hereinafter set forth.

NOW, THEREFORE, it is AGREED between STONE and CHURCH

LAW OFFICES
WYMAN, BEAN & TEFFT
1662 ELM STREET

- 2 -

as follows:

    A. STONE, in consideration of the covenants of CHURCH set forth in the next succeeding subparagraphs, hereby releases and forever surrenders to CHURCH any and all rights he may have to reversion of the realty for condition broken in respect to any structures erected or in the process of being erected upon the property on or prior to the date of this agreement.

    B. CHURCH covenants and agrees:

    1. That with the exception of a garage, which may be constructed subject to the approval of STONE as to architecture, design, building material and location, no other buildings shall be constructed upon the aforesaid property nor ells nor extensions on existing structures unless authorization of STONE is obtained.

    2. That CHURCH will conform in said construction to the design of Hoyle, Doran and Berry of Boston heretofore approved by STONE.

    3. That CHURCH will be constructed of "weather struck brick" as approved by STONE in signed memorandum dated October 11, 1965.

    5. STONE shall have the right, either by will or by instrument duly acknowledged, to appoint a person who shall succeed to and have all of the rights with respect to subdivisions A and B above which STONE would have had if living, including the right to enforce reversion to STONE'S estate of the realty for condition broken.

    IN WITNESS WHEREOF, we have hereunto set our hands and seals the day and year first above written.

_Jane Clements_        _John Elwyn Stone_
                                                  John Elwyn Stone

                                          The Parish of Christ Church in Portsmouth, New Hampshire

_Phyllis N. Rosiak_      By: _The Revd John D. Jussaum_
                                           Rector
_Eugene W. Morrill_     _Reginald E. Whitehouse_
                                           Senior Warden
_Phyllis N. Kenrick_     _Hugh R. Clarke_
                                           Junior Warden

LAW OFFICES
WYMAN, BEAN & TEFFT
1662 ELM STREET